IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

EUGENE AUGUSTIN,

    Plaintiff,

vs.

AQUANYSA 1, LLC, d/b/a J&L Liquors,
a Florida Limited Liability Company,
and LIANG REN, an individual,
jointly and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, EUGENE AUGUSTIN, sues Defendants, AQUANYSA 1, LLC and LIANG REN, and shows:

### Introduction

1.    This is an action by EUGENE AUGUSTIN against his former employers for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages, costs, and a reasonable attorney's fee.

### Jurisdiction

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3.    The claim arose within the Southern District of Florida, which is where venue is proper.

**Parties**

4. Plaintiff, EUGENE AUGUSTIN, (hereinafter "AUGUSTIN") a resident of Broward County, Florida, was at all times material, employed by AQUANYSA 1, LLC as a stocker responsible for the stocking of various liquor and other alcoholic beverages that were moved through interstate commerce. AUGUSTIN was an employee as defined by 29 U.S.C. § 203(e), and during his employment with AQUANYSA 1, LLC, was engaged in interstate commerce or in the production of goods for commerce.

5. Defendant, AQUANYSA 1, LLC (hereinafter, "AQUANYSA 1"), is a Florida limited liability company doing business in Broward County, Florida and is an enterprise engaged in the sale of liquor and other alcoholic beverages under the fictitious name J & L Liquors.

6. AQUANYSA 1 is an enterprise engaged in an industry affecting commerce, employs two or more employees affecting interstate commerce in that it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the location where AUGUSTIN was employed.

7. Upon information and belief, AQUANYSA 1 is an enterprise with an annual gross volume of sales made or business done of not less than $500,000.00.

8. Defendant, LIANG REN (hereinafter "REN"), who resides in and is domiciled in Miami-Dade County, Florida, was, or now is, an owner and/or operator of Defendant AQUANYSA 1.

9. At all times material to this Complaint, REN has managed and/or operated Defendant AQUANYSA 1 and regularly exercised the authority to hire and fire its employees,

determine the work schedules of employees, set the rate of pay for employees, and controlled its finances and daily operations. By virtue of such control and authority, REN acted and acts directly in the interests of Defendant AQUANYSA 1 in relation to its employees and is an employer and/or joint employer of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

### General Allegations

10. AUGUSTIN was employed by AQUANYSA 1 d/b/a J&L Liquors as a stocker stocking various liquor and other alcoholic products from approximately 2014 to on or about September 10, 2022.

11. AUGUSTIN was paid a regular hourly rate of $14.00 an hour.

12. Throughout the course of his employment, AUGUSTIN regularly worked over 40 hours a week. In fact, AUGUSTIN, on average, worked a 48-hour week for the Defendants.

13. AUGUSTIN was only paid his straight time rate of $14.00 per hour for all hours worked. AUGUSTIN was never paid a rate of one and a half times his hourly rate for any hours worked over 40 in any week.

14. All conditions precedent to this action have been performed or have been waived.

### Count I – Violation of FLSA by AQUANYSA 1, LLC – Overtime

15. Plaintiff, EUGENE AUGUSTIN, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 14 above.

16. Since October 2019 up to and including September 2022, AQUANYSA 1 has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

17. Specifically, AUGUSTIN, since October 2019, has worked in excess of 40 hours a week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

18. The failure to pay overtime compensation to AUGUSTIN is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative, or professional employee, or in the alternative, if AUGUSTIN was exempt, AQUANYSA 1's actions and/or conduct have effectively removed any exemption that may have applied to AUGUSTIN.

19. AQUANYSA 1's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and AUGUSTIN's status as non-exempt but chose not to pay him in accordance with the Act.

20. AUGUSTIN is entitled, pursuant to 29 U.S.C. § 216(b), to recover from AQUANYSA 1:

   a. All unpaid overtime that is due;

   b. As liquidated damages, an amount equal to the unpaid overtime owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, EUGENE AUGUSTIN, prays that this court will grant judgment against AQUANYSA 1, LLC:

   a. awarding AUGUSTIN payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

   b. awarding AUGUSTIN an additional equal amount as liquidated damages;

   c. awarding AUGUSTIN his costs, including a reasonable attorney's fee; and

      d.      granting such other and further relief as is just.

### Count II – Violation of FLSA by LIANG REN – Overtime

21.      Plaintiff, EUGENE AUGUSTIN, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 14 above.

22.      Since October 2019 up to and including September 2022, REN has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

23.      Specifically, AUGUSTIN, since October 2019, has worked in excess of 40 hours a week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

24.      The failure to pay overtime compensation to AUGUSTIN is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if AUGUSTIN was exempt, REN's actions and/or conduct has effectively removed any exemption that may have applied to AUGUSTIN.

25.      REN's actions were willful and purposeful as he was well aware of the Fair Labor Standards Act and AUGUSTIN's status as non-exempt but chose not to pay him in accordance with the Act.

26.      AUGUSTIN is entitled pursuant to 29 U.S.C. § 216(b), to recover from REN:

      a.      All unpaid overtime that is due;

      b.      As liquidated damages, an amount equal to the unpaid overtime owed;

      c.      The costs of this action, and;

    d.    A reasonable attorney's fee.

WHEREFORE, Plaintiff, EUGENE AUGUSTIN, prays that this court will grant judgment against LIANG REN:

    a.    awarding AUGUSTIN payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

    b.    awarding AUGUSTIN an additional equal amount as liquidated damages;

    c.    awarding AUGUSTIN his costs, including a reasonable attorney's fee; and

    d.    granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: October 5, 2022
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: Rob@floridawagelaw.com
James A. Peterson, Esq. (Fla Bar No. 645621)
E-Mail: James@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff AUGUSTIN